U.S.A. v. Paltrow                    CV-90-163-L   04/24/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States


    v.                                    #90-163-L


Robert Paltrow, American
 Heart Research Foundation, Inc.


**ORDER**

This case is once again before the court on a motion for summary judgment.  Reference is made to U.S. v. American Heart Research Foundation, 996 F.2d 7 (1st Cir. 1993).  The court is culling from that opinion the facts here delineated.


    Robert Paltrow in 1983-1984 set up two corporations--American Heart Research Foundation, Inc. ("AHRF") and American Cancer Research Funds, Inc. ("ACRF")--purportedly to promote research to cure these diseases.  In July 1984 Paltrow submitted an application to the United States Postal Service to obtain  for ACRF a reduced-rate mailing permit; the application represented that ACRF was a scientific non-profit entity helping to cure cancer.

ACRF used the permit to mail millions of letters soliciting for funds. AHRF, without applying for its own permit, used ACRF's permit for its own solicitations. A direct mail organization controlled by Paltrow, North American Communications, Inc. ("NAC"), conducted the mailings. As a result of the special permit, the postage was approximately one-half the usual rate for bulk third class mail, and ACRF and AHRF paid the Postal Service about $472,000 less than they would have without the special permit.

In fact ACRF and AHRF were not non-profit scientific or charitable organizations but were old-fashioned swindles, raising money on charitable pretexts for the benefit of the organizers. In addition to raising funds, ACRF sent out purported scientific surveys, of no scientific value, apparently to gull the public into taking ACRF seriously. Needless to say, the application ACRF filed with the Postal Service, making the necessary claim that it was a qualified non-profit organization under the applicable regulations, was false. AHRF's mailings were based on the fraudulently obtained ACRF permit.

The solicitations occurred in 1984 and 1985. In spring 1986, the government filed a criminal information against ACRF and AHRF asserting ten counts of mail fraud under 18 U.S.C. § 1341; NAC and Paltrow were named in the criminal information as participating in the scheme but were not separately charged. The government also filed a complaint for injunctive relief under 18 U.S.C. § 1345. That section gives the government a civil action for expedited injunctive relief where mail fraud is occurring or is threatened. No damage claim was asserted in this action.

In April 1986 Paltrow pleaded ACRF and AHRF guilty on all ten counts of mail fraud in the criminal case, and he admitted that he and NAC employed ACRF and AHRF to defraud the public. The civil injunction action was resolved on the same day by a consent order enjoining Paltrow and all three entities from charitable fund-raising through the mails. A $100,000 criminal fine was imposed on the bogus charities and the court ordered that the funds fraudulently obtained be turned over to legitimate charities.

In 1990, after some preliminary negotiations failed, the government filed the present case under the False Claims Act against Paltrow and his three entities. The suit claimed underpayment of postage in the amount of $472,478 and multiple damages as provided by the statute. In the alternative, the government sought single damages on an unjust enrichment theory. On cross-motions for summary judgment, the district court dismissed the False Claims Act claims on the ground that the statute did not apply, and it dismissed the unjust enrichment claim on <u>res judicata</u> grounds.

Judge Stahl, ruling on a motion for summary judgment filed by the defendants, dismissed counts I through IV based on the False Claims Act and count V, a back-up claim for unjust enrichment, on the basis of res judicata.

The judgment of the district court (Stahl, J.) was affirmed by the First Circuit court so far as it dismissed the government's four claims under the False Claims Act, and the decision was vacated and remanded as to the claim based on the unjust enrichment.

In affirming, remanding and vacating in part, the First Circuit court stated the following: "The treatment of the unjust

enrichment claim on remand is a matter for the district court. We express no view on whether any aspect of the government's claim may be governed by the issue preclusion (or collateral estoppel) branch of res judicata that may be presented by that claim." American Heart Research Foundation, 966 F.2d at 12.

Defendants are once again before the court on a motion for summary judgment. The basis of the instant motion for summary judgment may be categorized as follows:

1. The action for unjust enrichment is time barred by the statute of limitations.

2. Defendants have not been unjustly enriched.

3. Defendants are not liable for the actions of American Cancer Research Funds, Inc. "ACRF" and American Heart Research Foundation "AHRF" under theories resembling piercing the corporate veil.

DISCUSSION

Summary judgment under Fed. R. Civ. P. 56(c) is proper only if, viewing the record in the light most favorable to the non-moving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988). "Only disputes over facts that might affect

5

the outcome of the suit" are material.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Id</u>.; <u>Oliver</u>, 846 F.2d at 105.  The moving party initially must "demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Once the moving party has made the required showing, the adverse party must "go beyond the pleadings" and designate specific facts to demonstrate the existence of a genuine issue for trial.  Fed. R. Civ. P. 56(e); <u>Oliver</u>, 846 F.2d at 105.

In essence the defendants' position concerning the limitations period is that the tort statute of limitations should apply to the government's claim for unjust enrichment.  There is a three year statute of limitations for tort actions.  28 U.S.C. § 2415 (b).

The government counters by taking the position that the government instituted this action on April 30, 1990 and a six year statute of limitations is apposite in this case.  The six year statute of limitation is set forth in 28 U.S.C. § 2415 (a).  Further, that despite a protracted and convoluted history in this case, including a transfer from the Western District of Pennsylvania, a bankruptcy reorganization by defendant NAC,

6

dismissal by the District Court of certain counts, and review and reinstatement of Count V by the Circuit Court, the government maintains defendants Paltrow and NAC are trying to muddy the waters by, for the first time and on the eve of trial, raising the issue of statute of limitations almost five years after this action's inception.

28 U.S.C. § 2415 is entitled "Time for Commencing Actions Brought by the United States." Further, 28 U.S.C. § 2415 (a) provides that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or law . . . ."

28 U.S.C. § 2415 (b) provides that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action accrues."

In Desmond v. Moffie, 375 F.2d 742 (1st Cir. 1967) the court ruled, in a fraudulent conveyance case, that in deciding whether the three or six year statute of limitations applies a court must

7

determine the essential nature of a plaintiff's claim.

Three courts of appeal have reached the conclusion that the United States may choose the six-year period in unjust enrichment cases. <u>United States v. First National Bank of Cicero</u>, 957 F.2d 1362 (7th Cir. 1992); <u>United States v. P/B STCO 213</u>, 756 F.2d 364, 374-76 (5th Cir. 1985); <u>United States v. Dae Rim Fishery Co.</u>, 794 F.2d 1392 (9th Cir. 1986).

The defendants cite <u>Blusal Meats, Inc. v. United States</u>, 638 F.Supp 824, 832 (S.D.N.Y. 1986), to support their three year statue of limitations argument. The court in <u>Blusal Meats, Inc.</u> stated that the factual basis for the government's claims is that the defendant knowingly and purposefully presented false documents to obtain money. That is a tort, and suit must be brought upon it within three years. 28 U.S.C. 2415(b). The three-year limitation is not to be changed to a six-year limitation by calling the suit one for "unjust enrichment."

This argument has some cogency. Notably, in a fraud action one must prove defendant's culpability, whereas in an unjust enrichment action proof of wrongful conduct by the defendant is not required. <u>Simonds v. Simonds</u>, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 364, 380 N.E. 189, 194 (Ct. App. 1978).

However, the government's argument also has cogency. As noted in the government's pleadings, "[t]he fact that Defendants

Paltrow and NAC were engaged in a scheme to defraud, however is irrelevant for statute of limitations purposes. The action before this court and pled is one for unjust enrichment, which sounds in quasi-contract and is governed by a six-year limitations period. In effect, Defendants demanded and received a service from the United States for delivery of mail and failed to pay the proper rate for that service. The six-year period would obviously apply if the misuse of the permit were simply the result of a mistake. Defendants' egregious conduct does not change this fact. In (sic) would be ludicrous and inequitable if Defendants were able to benefit from a shorter statute of limitations period simply by virtue of being more culpable, in that they knowingly conceived of, and engaged in, this scheme against the Postal Service as opposed to inadvertently deriving benefit from it."

In light of the essential nature of the case and the semblance of the action to quasi or implied contract, the defendants' motion for summary judgment, based on the three year limitations period, is denied. Because unjust enrichment is a species of implied contract, the six year limitations period of Section 2415 (a) is applicable. United States v. Island Park, 791 F. Supp. 354, 369 (E.D.N.Y. 1992).

Further, in reviewing the records and the arguments

9

submitted by the parties, the court agrees with the government's position that defendants' second basis for its motion for summary judgment, lack of unjust enrichment, is not appropriate for summary judgment as it involves issues of fact.

Finally, the court agrees with the government's position that the third basis offered by defendants in support of summary judgment, piercing the corporate veil, is not appropriate. Principally, this theory also involves contested issues of fact.

Motions for summary judgment denied.

April 24, 1995

                                   _____
                                   Martin F. Loughlin
                                   Senior Judge

Robert L. Eberhardt, Esq.
Daniel R. Solin, Esq.
David W. Jordan, Esq.
Kenneth I. Schacter, Esq.

10